

CEM: USAO 2022R00072
JTM 03.10.22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. SAG 22cr87 |
| v. | * (Illegal Possession of a Machine Gun, 18 U.S.C. § 922(o); Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g); Possession of Unregistered Firearms, 18 U.S.C. §§ 5841, 5861(d), and 5871; Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1); Forfeiture, 18 U.S.C. § 924, 21 U.S.C. § 853) |
| CHRISTOPHER THOMAS YANCY, Defendant. | |

******

USDC- BALTIMORE
'22 MAR 17 PM 3:47

### INDICTMENT

#### COUNT ONE
(Illegal Possession of Machine Guns)

The Grand Jury for the District of Maryland charges that:

On or about October 5, 2021, in the District of Maryland, the defendant,

**CHRISTOPHER THOMAS YANCY,**

did knowingly possess machineguns, as defined by Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), to wit: one (1) black in color 5.56mm NATO caliber, M16 type, Privately Made Firearm, manufactured by an unknown person at an undetermined location utilizing a model G150 AR15 80% receiver kit marketed by Polymer80, Inc., and M16 fire control parts; and one (1) gold in color 5.56mm NATO caliber, M16 type, Privately Made Firearm, manufactured by an unknown person at an undetermined

location utilizing a model G150 RHINO 80% receiver kit marketed by Polymer80, Inc., and M16 fire control parts.

18 U.S.C. §§ 922(o) and 924(a)(2)

## COUNT TWO
### (Possession of Firearms by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about October 5, 2021 in the District of Maryland, the defendant,

### CHRISTOPHER THOMAS YANCY,

knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce firearms, to wit: a Century Arms, Mini Draco, pistol bearing serial number PE82792019R0; and a Glock, 43X, 9mm handgun bearing serial number BLPK492.

18 U.S.C. §§ 922(g) and 924(a)(2)

## COUNT THREE
### (Possession of Unregistered Firearms)

The Grand Jury for the District of Maryland further charges that:

On or about October 5, 2021 in the District of Maryland, the defendant,

**CHRISTOPHER THOMAS YANCY,**

knowingly received and possessed a firearm, to wit: two (2) Maxim Defense Industries "HATE Brake" firearm silencers that had been attached to the machine guns described in Count One, not registered to him in the National Firearms Registration and Transfer Record.

26 U.S.C. §§ 5841, 5861(d), and 5871

## COUNT FOUR
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about October 5, 2021 in the District of Maryland, the defendant,

**CHRISTOPHER THOMAS YANCY,**

knowingly, intentionally, and unlawfully possessed with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), in the event of the defendant's convictions under any of the offenses in Counts One through Four of this Indictment.

### Firearm and Ammunition Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One through Three, the defendant,

**CHRISTOPHER THOMAS YANCY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses and, pursuant to 26 U.S.C. § 5872, any firearm involved in any violation of a Title 26, Chapter 53 offense.

### Narcotics Forfeiture

3. Upon conviction of any of the offenses set forth in Count Four, the defendant,

**CHRISTOPHER THOMAS YANCY,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

a. a black in color 5.56mm NATO caliber, M16 type, Privately Made Firearm, manufactured by an unknown person at an undetermined location utilizing a model G150 AR15 80% receiver kit marketed by Polymer80, Inc., and M16 fire control parts;

b. a gold in color 5.56mm NATO caliber, M16 type, Privately Made Firearm, manufactured by an unknown person at an undetermined location utilizing a model G150 RHINO 80% receiver kit marketed by Polymer80, Inc., and M16 fire control parts;

c. two Maxim Defense Industries "HATE Brake" firearm silencers;

d. a Century Arms, Mini Draco, pistol bearing serial number PE82792019R0; and

e. a Glock, 43X, 9mm handgun bearing serial number BLPK492.

**Substitute Assets**

5. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853
26 U.S.C. § 5872
28 U.S.C. § 2461(c)

_Erek Barron_ /CEM
Erek L. Barron
United States Attorney

SIGNATURE REDACTED

Foreperson

Date: ___, March, 2021